UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WILLIAM KING, | ) | NO. CV 14-73-TJH (AGR) |
|     Petitioner, | ) | |
|     v. | ) | |
| LEROY BACA, | ) | OPINION AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS |
|     Respondent. | ) | |

On January 3, 2014, Petitioner, a civil detainee pursuant to California's Sexually Violent Predator Act ("SVPA"), filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254.

**I.**

**PROCEDURAL BACKGROUND**

Pursuant to Fed. R. Evid. 201, this court takes judicial notice of the records in a prior action brought by Petitioner in this district, *King v. County of Los Angeles*, Case No. CV 10-6592-TJH (AGR) ("*King I*"), a civil rights complaint.

In *King I*, a Report was issued on December 4, 2013, granting Defendants' motion for summary judgment, denying Petitioner's motion for summary judgment, and dismissing the complaint with prejudice. *King I*, Dkt. No. 137.

Briefly, Petitioner alleged due process claims related to his detention in the Los Angeles County jail and a claim for inadequate medical care. (*Id.* at 2.) On January 10, 2014, the Court accepted the Report's findings and recommendation, and the case was closed. *Id.*, Dkt. No. 143.

## II.

## **DISCUSSION**

The petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts provides that "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Here, summary dismissal is warranted.

Petitioner does not challenge his underlying conviction in 1984. (Petition at 2.) He acknowledges his SVPA proceeding in the Superior Court is "still in [the] pre-trial stage." (*Id.*) In Ground One, Petitioner alleges his due process rights were violated when the court appointed counsel over his objections. (*Id.* at 5.) In Ground Two, he alleges he has the right to represent himself. (*Id.*)

With limited exceptions, a federal district court should not interfere with ongoing state proceedings. *See Younger v. Harris*, 401 U.S. 37, 44-45, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971). Abstention is required if the proceedings are ongoing, implicate important state interests, and afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982). *Younger* applies to civil proceedings under the SVPA. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 718, 116 S. Ct. 1712, 135 L. Ed. 2d 1 (1996) ("the authority of

a federal court to abstain from exercising its jurisdiction extends to all cases in which the court has discretion to grant or deny relief"); *see also Hill v. Colorado*, 530 U.S. 703, 715, 120 S. Ct. 2480, 147 L. Ed. 2d 597 (2000) ("It is a traditional exercise of the States' police power to protect the health and safety of their citizens.") (citation and quotation marks omitted); *Middlesex*, 457 U.S. at 432 ("[t]he importance of the state interest may be demonstrated by the fact that the noncriminal proceedings bear a close relationship to proceedings criminal in nature"); *Miller v. Cate*, 2011 WL 4457666, *4 (E.D. Cal. 2011) (applying *Younger* abstention to an ongoing SVP proceeding and collecting cases).

In the petition, all three of *Younger*'s requirements have been met. The proceedings are ongoing, implicate California's important interests to adjudicate the SVPA, and afford Petitioner an adequate opportunity to raise federal questions. No exception to *Younger* applies.[1] *See Kindred v. Superior Court, County of Orange*, 2013 WL 1127902 (C.D. Cal. Jan. 30, 2013) (summarily dismissing a habeas petition of an SVP based on abstention because the SVPA proceedings are ongoing).

### III.

### **ORDER**

IT IS HEREBY ORDERED that Judgment be entered summarily dismissing the petition without prejudice based on abstention.

DATED: January 31, 2014

_____
TERRY J. HATTER, JR.
United States District Judge

---

[1] Petitioner must show he would suffer "irreparable harm" that is both "great and immediate" if the federal court declines jurisdiction, that there is bad faith or harassment on the part of California in prosecuting him, or that the state tribunal is biased against the federal claim. *See Middlesex*, 457 U.S. at 437; *Kugler v. Helfant*, 421 U.S. 117, 124-25, 95 S. Ct. 1524, 44 L. Ed. 2d 15 (1975); *Younger*, 401 U.S. at 46.